EDWARD M. REPP, PROSECUTOR, v. ALBERT N. SHAHADI, RECORDER OF THE CITY OF ATLANTIC CITY, AND LOUIS WATSON, SUPERINTENDENT OF BUILDINGS OF THE CITY OF ATLANTIC CITY, RESPONDENTS.

Submitted May 2, 1944—Decided July 14, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Alexander Blatt*.

For the respondents, *Samuel Backer*.

The opinion of the court was delivered by

CASE, J. The writ brings up an order of the Atlantic County Common Pleas Court which affirmed a judgment entered in the Atlantic City Recorder's Court convicting Dr. Edward M. Repp of using and maintaining the premises at 139 South Bartram Avenue, Atlantic City, as a dwelling for more than one family in violation of the following provision of the Atlantic City zoning ordinance:

"In an 'A' Residence Zone, no building or premises shall be used and no building shall be erected or altered which is arranged, intended or designed to be used except as a one-family dwelling."

Prosecutor argues that the conviction violates article I, section 16 of the New Jersey constitution which provides that "private property shall not be taken for public use without just compensation;" that the conviction violates section 1 of the Fourteenth Amendment of the United States constitution which provides that "no state shall * * * deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws;" and, finally, that, even if the ordinance restriction could constitutionally be applied to prosecutor's property, no violation of the ordinance was proved.

No proof was adduced showing or tending to show that the ordinance limitation to one-family houses within the zone where prosecutor's house was located is unreasonable. It is now well established that where a zoning ordinance is a reasonable exercise of the powers granted by the zoning statute, within the purview of the zoning amendment to the constitution, the municipal enactment will be sustained. The presumption is that the regulations are reasonable unless the contrary is shown. *Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96; *Linwood Co.* v. *Board of Adjustment,* 6 *Id.* 606; *Dickinson* v. *Plainfield,* 122 *N. J. L.* 63, 69; *Eastern Boulevard Corp.* v. *Willaredt,* 123 *Id.* 269.

We are unable to say, from the proofs, that the ordinance provision setting up a one-family house area was not a reasonable exercise of the power under the Zoning Act or, putting it otherwise, that the imposed restriction was an arbitrary, unreasonable and capricious exercise of that power. The

argument of unconstitutionality is not, in our opinion, supported by any of the reasons advanced by the prosecutor. The proofs before the Recorder's Court and the Common Pleas Court are the proofs now before us. The recorder found, factually, that the prosecutor used the premises for more than one family; the Pleas, after reviewing the evidence, affirmed that finding; and we concur.

Dr. Repp endeavored to explain away the facts which were testified to by the city's witnesses, but a question of his credibility in that respect was raised by an incident, undenied by Dr. Repp, related by one of the city's investigators as having occurred at the time of the inspection of the premises. The testimony as certified by the recorder was:

"Witness further testified that he then said to Dr. Repp 'Do you have more than one family living in the house?' and that defendant stated he had a Mrs. Simmons and her husband living there, and a Mrs. Kauffman and her three children who occupied an apartment on the third floor and that Mrs. Kauffman's husband came down on week-ends; whereupon, witness said to defendant 'Don't you know you are in violation of the Zoning Law section A, which calls for a one-family dwelling only?' Witness further testified that defendant looked confused and startled and asked witness to please step into the kitchen with him, alone. Witness further says he went into the kitchen with the defendant and there defendant said 'Can't this thing be straightened out someway? I am in no position to have this publicity and I can't afford it. I will get rid of these people right away. How about if Mrs. Kauffman assists my wife with the housework?' "

The status of Mrs. Kauffman as a helper to Mrs. Repp was advanced by Dr. Repp at the trial, and Dr. Repp also testified that he considered the several persons living at the house as his guests. Under all of the circumstances we think that the element of truthfulness was best resolved by the magistrate who saw and heard the witnesses. Further, Dr. Repp did not produce his wife or any of the other participants in the alleged violation—Mr. and Mrs. Simmons, Mr. and Mrs. Kauffman and their three children—in support of his contention; he was his own sole witness.

The judgment below will be affirmed, with costs.